IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD DAVIS, # N-21849, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00192-JPG |
| | ) |
| NURSE KIMBERLY and DR. V. SHAH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in Pinckneyville Correctional Center ("Pinckneyville"), brings this action *pro se* for alleged violations of his constitutional rights under 28 U.S.C. § 1983 (Doc. 1). Plaintiff claims that Dr. Shah and Nurse Kimberly,[1] two medical providers at Pinckneyville, failed to treat a lump in his throat on November 21, 2013, resulting in substantial, persistent pain (Doc. 1, p. 5). Plaintiff now sues Dr. Shah and Nurse Kimberly for violating his rights under the Eighth and Fourteenth Amendments. He seeks monetary damages (Doc. 1, p. 6).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

---

[1] The complaint identifies Nurse Kimberly by her first name only.

1

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Plaintiff was denied medical treatment for a painful lump in his throat on November 21, 2013 (Doc. 1, p. 5).  On that date, he requested treatment for an infected and swollen lump, associated pain, and coughing.  Both Nurse Kimberly and Dr. Shah refused to treat him.  Instead, they recommended that Plaintiff drink water.  They assured him that the problem would resolve itself.  Along with the complaint, Plaintiff submitted grievances from November 2013, December 2013, and January 2014 (Doc. 1, pp. 7-10).  In each, Plaintiff described the same symptoms and complained of a denial of medical treatment.  As of February 14, 2014, the date Plaintiff filed this action, all symptoms persisted.  In the complaint, Plaintiff describes the pain as "unbearable."

**Discussion**

After fully considering the allegations in the Complaint, the Court finds it convenient to divide the complaint into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by the judicial officer of this Court.

**Count 1:** Eighth Amendment claim for denial of medical treatment.

**Count 2:** Fourteenth Amendment claim for denial of equal protection.

**Count 3:** Fourteenth Amendment claim for denial of due process.

**Count 1 – Medical Needs Claim**

At this early stage in litigation, the complaint articulates a viable Eighth Amendment medical needs claim (**Count 1**) against Dr. Shah and Nurse Kimberly for failing to treat Plaintiff's throat condition. Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). At this early stage, the complaint appears to satisfy the objective and subjective components of this claim. Although the Court takes no position regarding the outcome of the claim, Plaintiff shall be allowed to proceed with **Count 1** against Dr. Shah and Nurse Kimberly at this time.

**Count 2 – Equal Protection Claim**

The complaint fails to articulate a Fourteenth Amendment equal protection claim (**Count 2**) against Dr. Shah or Nurse Kimberly.  In order to establish a prima facie case of discrimination under the equal protection clause, a plaintiff must show that he "is a member of a protected class," that he "is otherwise similarly situated to members of the unprotected class," and that he "was treated differently from members of the unprotected class."  *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993) (quoting *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)).  As applied to prisoners, the equal protection clause "requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest." *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000) (citing *Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *Lee v. Washington*, 390 U.S. 333 (1968) (per curiam); *Williams v. Lane*, 851 F.2d 867, 881 (7th Cir. 1988)).

Beyond alleging that the failure to treat Plaintiff violated the equal protection clause, the complaint does not develop this claim in any detail (Doc. 1, p. 5).  There is no allegation that Plaintiff is part of a protected class, or that he was treated differently than anyone else.  Conclusory and unsupported allegations, such as those in the complaint, are insufficient to support an equal protection claim.  Based on the allegations, the Court cannot draw the reasonable inference that either Defendant is liable for the alleged misconduct.  Further, Defendants are not put on notice of the facts giving rise to the claim against them.  Under the standards set forth in *Iqbal* and *Twombly*, the complaint clearly fails to state an equal protection claim.  Accordingly, **Count 2** shall be dismissed with prejudice.

**Count 3 – Due Process Claim**

The complaint also fails to state a Fourteenth Amendment due process claim (**Count 3**) against Dr. Shah and Nurse Kimberly.  No allegations support this claim, and the Court is left to guess what allegedly unconstitutional conduct of Defendants violated Plaintiff's due process rights.  The Court is not required to partake in such a game, and it will not do so.  For the same reasons the Court dismissed Count 2, the Court shall also dismiss **Count 3** with prejudice.

**Pending Motions**

Plaintiff has filed a motion for recruitment of counsel (Doc. 2), which shall be referred to a United States Magistrate Judge for a decision.

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 3), which shall be decided in a separate Order of this Court.

Finally, Plaintiff has filed a motion for service of process at government expense (Doc. 4), which is hereby **GRANTED** as to both Defendants.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 2** and **3** are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**AS TO COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS DR. SHAH** and **NURSE KIMBERLY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court

will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion to recruit counsel (Doc. 2).  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 17, 2014**

*s/ J. Phil Gilbert*
**U.S. District Judge**